**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| GRANITE VEHICLE VENTURES LLC,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC.<br><br>Defendant. | Civil Action No. 2:24-cv-01007<br><br>**JURY TRIAL DEMAND** |

**DISPUTED JOINT MOTION FOR VENUE DISCOVERY AND EXTENSTION OF TIME FOR PLAINTIFF TO RESPOND TO TESLA'S MOTION TO TRANSFER**

Plaintiff Granite Vehicle Ventures LLC ("Granite") and Defendant Tesla, Inc. ("Tesla"), jointly move the Court for leave to conduct discovery on matters related to Tesla's Motion to Transfer Venue to the Northern District of California (Dkt. No. 21) ("Motion") and an extension of time for Plaintiff to respond to the Motion.

The parties request the following schedule and parameters for venue transfer discovery. These parameters are agreed with the exception of three disputed provisions set forth in bold below and in the attached proposed order:

1. Venue transfer discovery opens on the date the Court enters an order granting this Joint Motion and closes **[Granite's proposal: 90] [Tesla's proposal: 60]** days later.
2. Granite's Response to the Motion is due 14 days after the close of the venue transfer discovery period.
3. Tesla's Reply to Granite's Response is due 14 days after Granite's Response.

4. Granite's Sur-Reply is due 14 days after Tesla's Reply.

5. During the discovery period:

   a. Each side may serve up to seven (7) transfer-related requests for production and responses will be due twenty-one days from service.

   b. Each side may serve up to five (5) transfer-related interrogatories and responses will be due twenty-one days from service.

   c. Each side may take a total of **[Granite's proposal: fourteen (14)] [Tesla's proposal: ten (10)]** hours of 30(b)(6) and/or 30(b)(1) venue-related deposition testimony. Each side's 30(b)(6) notice is limited to no more than five (5) venue-related topics in total.

   d. If a party believes a deposition question is outside the scope of venue transfer discovery, they may instruct the witness not to answer the question to the extent permitted by Fed. R. Civ. P. 30(c)(2). If the questioning party does not withdraw the question, the parties shall jointly contact the Court's discovery hotline for a ruling per Local Rule CV-26(e).

6. The foregoing transfer-related discovery shall not count against the parties' non-transfer-related discovery limits (*e.g.*, transfer-related depositions do not count against the ten-deposition limit set forth in Fed. R. Civ. P. 30 and do not count against any other deposition limits that may be set forth in a future Discovery Order) nor shall transfer-related discovery affect the timing of non-transfer-related discovery.

7. Venue transfer related discovery shall be limited to issues relevant to venue transfer under 28 U.S.C. §1404, including the issues raised in Tesla's Motion and the accompanying declarations and exhibits.

8. No later than 21 days after venue discovery opens, Tesla shall produce **[Granite's proposal: all filings and all Tesla discovery responses (including interrogatory responses, document productions, and deposition transcripts)] [Tesla's proposal: all filings]** related to any motion to transfer cited by Tesla in its Motion, to the extent such documents are within its possession, custody, or control.[1]
9. Until a Protective Order has been negotiated by the parties and entered by the Court, venue discovery shall be governed by the Court's default protective order.[2] For example, pursuant to the default protective order, the parties may designate discovery as "CONFIDENTIAL" and/or "RESTRICTED – ATTORNEYS' EYES ONLY" and may file such designated material under seal without seeking leave. *See, e.g.,* Default Protective Order at ¶¶ 5, 9, 16.

The parties have briefly set forth their positions on the disputed provisions below:

## I. Granite's Argument

Granite respectfully requests a ninety-day venue discovery period, which is consistent with this Court's standard practice and is frequently agreed to by parties. *See, e.g.*, *Advanced Integrated Circuit Process LLC v. United Microelectronics Corp.*, No. 2:24-cv-730-JRG, Dkt. 42 at 2 (E.D. Tex. Jan 2, 2025) (agreeing to 90 days of venue discovery). Ninety days of discovery is warranted in this case. Tesla submitted three fact declarations and twenty exhibits in support of its motion to transfer. By its own admission, Tesla is headquartered in Texas and has over 14,000 employees in Texas. Granite also believes Samsung Austin Semiconductor is a relevant third party that manufactures components of Tesla's accused products in Texas. Granite needs to obtain discovery

---

[1] Tesla may redact the confidential information of third parties, if any, contained in these documents. Granite reserves the right to seek un-redaction of such information if warranted.
[2] Available at https://www.txed.uscourts.gov/sites/default/files/judgeFiles/Sample_Protective_Order_Patent_Cases_%28April%202019%29_0.docx

about Tesla's extensive Texas operations and take the depositions of Tesla's three declarants, plus the 30(b)(1) deposition of at least one additional fact witness, likely a Samsung engineer in Texas. Further, an additional 30 days of venue discovery will not delay this case because the parties agree "regular" case discovery will proceed in parallel with venue discovery.

Granite also requests 14 hours of deposition time. As noted above, Tesla has three fact declarants, and Granite intends to take at least one additional deposition, for a total of four depositions. Granite should not be penalized by Tesla's decision to use three declarants; 14 hours is still just 3.5 hours per deposition, half of what the Federal Rules allow. Parties routinely agree to this. *Advanced*, No. 2:24-cv-730-JRG, Dkt. 42 at 2 (agreeing to 14 hours of deposition for three declarants); *Valtrus Innovations Ltd. v. SAP America, Inc.*, No. 2:24-cv-21-JRG, Dkt. 29 at 2 (E.D. Tex. April 3, 2024) (agreeing to 13 hours of deposition time where defendants used two transfer declarants and plaintiff intended to take a non-party deposition during venue discovery).

Finally, Granite requests that Tesla be ordered to produce all Tesla venue discovery responses that it previously produced in the *Graphite* and *Unicorn* cases cited in Tesla's motion to transfer. Dkt. 21 at 3-4. Tesla itself characterizes these cases as highly relevant and says they had "similar facts" as this case. *Id.* (characterizing *Graphite* as "grant[ing] Tesla's motion to transfer for convenience on similar facts as here" and characterizing *Unicorn* as "granting Tesla's transfer to NDCA on similar facts"). This discovery is plainly relevant and will impose little (if any) burden on Tesla because Tesla has already collected and produced this information. This Court routinely orders defendants to produce their relevant prior venue discovery responses. For example, in *Uniloc*, the Court ordered Google to produce its venue discovery responses and deposition transcripts from five prior cases "where Google briefed similar issues concerning venue in this District," noting "Google's objections to burdensomeness and proportionality should be

overruled" because Google had already produced these materials in those prior cases. *Uniloc 2017, LLC v. Google LLC.*, No. 2:18-cv-553-JRG-RSP, Dkt. 54 at 3-4 (E.D. Tex. 2019).

## II. **Tesla's Argument**

Provision 1: Sixty days is sufficient time to conduct all venue discovery that Granite reasonably could seek, especially considering the limited scope of issues in Tesla's Transfer Motion and so as not to delay decision on the motion unnecessarily. *See, e.g., Unicorn Energy GmBH v. Tesla, Inc.*, No. 2:20-cv-0338-JRG, Dkt. 27 (Feb. 8, 2021) (ordering close of venue discovery 50 days after motion, including Christmas holidays); *Westport Fuel Systems Canada Inc. v. Mercedes-Benz USA, LLC,* No. 2:21-cv-454-RWS-RSP, Dkt. 33 (Mar. 31, 2022) (granting opposed motion and ordering 45-day venue discovery period). Tesla has worked expeditiously to file its Transfer Motion early in the case—the same day as responding to Granite's complaint—so as not to disrupt the Court's schedule. The parties have also agreed to shortened deadlines for discovery responses. Tesla believes it is a more efficient use of resources for transfer briefing to be completed early in the proceeding, without undue delay. While Granite references the need to take discovery about Tesla's connection to WDTX (which is not this District) and 20 exhibits, those exhibits are all public documents, and Tesla has been forthcoming about its connections with WDTX. Those facts do not justify an additional month of discovery.

Provision 5(c): Ten hours of deposition time is sufficient to account for the limited scope of Tesla's venue motion, which does not present any extraordinary issues. In particular, Tesla personnel submitted concise declarations: Tesla has identified one declarant with firsthand knowledge of the accused feature and one declarant from Tesla's Human Resources department. While Tesla's motion is supported by a third declaration, it is narrowly limited to explaining that the person has no involvement with the accused feature. Exceeding ten hours would go beyond

the customary venue discovery limit and risks unnecessarily burdening Tesla and its witnesses. Further, the only support Granite has provided before today for exceeding ten hours involved agreed discovery between the parties and depositions of foreign witnesses with a translator. *See Advanced Integrated Circuit Process LLC v. United Microelectronics Corp.*, No. 2:24-cv-730, Dkt. 42 (Jan. 2, 2025) (granting unopposed motion for leave to conduct jurisdictional and venue discovery with a translator).[3]

Provision 8: Granite's requested discovery from other cases is irrelevant. Plaintiff's only articulated basis for seeking such discovery is because Tesla relied on the *rationale* from two prior cases in its Transfer Motion. However, the underlying venue *facts* Granite now seeks through past discovery are outdated (*e.g., Unicorn Energy* is over three years old) and involve different employees and different accused technology from what is at issue here. For example, *Unicorn Energy* involved Tesla's "Powerpack" standalone energy storage system (*see Unicorn Energy*, Dkt. 1 ¶ 1), whereas Granite accuses Full-Self Driving (FSD) software in Tesla vehicles (*Granite*, Dkt. 1 ¶ 46). Nevertheless, Tesla has already agreed to produce the briefing from those cited cases. The briefing and orders from Tesla's cited cases contain the reasoning and any relevant facts; nothing relevant to those determinations would be in uncited discovery. Moreover, unlike the *Uniloc* case that Granite relies upon, the issues here are narrower than the standing and improper venue motions filed, which were subject to discovery in that case. Case 2:18-cv-553, Dkt. 41. As such, the discovery Granite seeks would be burdensome, not proportional to the needs of the case, and, to the extent there is any relevance, duplicative of the discovery Granite intends to take anew.

[3] In this Joint Motion, Granite cites *Valtrus Innovations Ltd. v. SAP America, Inc.*, No. 2:24-cv-21-JRG, Dkt. 29 at 2 (E.D. Tex. April 3, 2024). That case ordered 13 hours of total deposition time but limited "[d]epositions of Defendants and their witnesses [] to 10 hours." To the extent the Court allows more than 10 hours in this case, Tesla requests that depositions of its witnesses be limited to 10 hours.

Dated: February 24, 2025

Respectfully submitted,

*s/ Alden G. Harris*
Leslie V. Payne
Texas Bar No. 0784736
lpayne@hpcllp.com
Alden G. Harris (lead counsel)
Texas Bar No. 24083138
aharris@hpcllp.com
Blaine A. Larson
Texas Bar No. 24083360
blarson@hpcllp.com
Kyle S. Ruvolo
Texas Bar No. 24122153
kruvolo@hpcllp.com
Lily R. Glick
Texas Bar No. 24131333
lglick@hpcllp.com
HEIM PAYNE & CHORUSH LLP
609 Main St, Suite 3200
Houston, Texas 77002
Telephone: 713-221-2000
Facsimile: 713-221-2021

Andrea L. Fair
Texas Bar No. 24078488
andrea@millerfairhenry.com
Claire A. Henry
Texas Bar No. 24053063
claire@millerfairhenry.com
Miller, Fair, Henry PLLC
P.O. Box 1231
Longview, Texas 75606-1231
Telephone: 903-757-6400
Facsimile: 903-757-2323

**ATTORNEYS FOR PLAINTIFF GRANITE VEHICLE VENTURES LLC.**

*/s/ Ashraf Fawzy*
Ashraf Fawzy (Lead Counsel)
afawzy@tesla.com
T. 202.905.9221
DC Bar No. 989132
Paul Margulies
pmargulies@tesla.com
DC Bar No. 1000297
T. 202.695.5388
Tesla, Inc.
800 Connecticut Ave. NW
Washington, DC 20006

Allison Huebert
ahuebert@tesla.com
TX Bar No. 24124694
Tesla, Inc.
1 Tesla Road
Austin, TX 78725
T. 512.557.8797

**ATTORNEYS FOR TESLA, INC.**

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on February 24, 2025, a copy of the foregoing was served electronically through the U.S. District Court, Eastern District of Texas ECF system to all counsel of record.

*/s/ Alden G. Harris*
Alden G. Harris

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(h), the undersigned certifies that counsel for the parties have conferred about this motion. This motion is being filed jointly. The parties have three disputes about the scope and timing of venue discovery; their respective positions on those disputes are set forth above.

*/s/ Alden G. Harris*
Alden G. Harris