**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| GRANITE VEHICLE VENTURES LLC, | § | |
| *Plaintiff*, | § | |
| v. | § | CIVIL ACTION NO. 2:24-CV-01007-JRG |
| TESLA, INC., | § | |
| *Defendant*. | § | |

**ORDER**

Before the Court is the Motion to Compel Venue Discovery (the "Motion") filed by Plaintiff Granite Vehicle Ventures LLC ("Granite"). (Dkt. No. 44.) The Court held a hearing on the Motion on May 8, 2025.

Having considered the Motion and oral argument, the Court finds that it should be and hereby is **GRANTED-IN-PART**. It is therefore **ORDERED** that Defendant Tesla, Inc. ("Tesla") must respond and/or produce the following venue discovery within ten (10) days of the date of this Order:

1. Granite's Interrogatory No. 1

   a. Granite is permitted to identify no more than fifteen departments that it believes are relevant to the accused products. Granite must identify these departments within 48 hours of the date of this Order.

   b. After Granite identifies the relevant departments, Tesla must identify (1) any sub-departments or sub-teams within each department; (2) what employees, by name and location, work within those sub-departments or sub-teams; and (3) what those sub-departments or sub-teams and their

members do with respect to the accused products.

2. Granite's Interrogatory No. 2

   a. Explain the basis for the statement that "on information and belief, the majority of Tesla's electronic documents and files that are stored in on-premises datacenters are located in California."

   b. Identify every Texas employee—by name, title, and work location—authorized to access the "read-only backup server located in Austin, TX" referenced in Tesla's response to Interrogatory No. 2.

3. Granite's Interrogatory No. 3

   a. For every server identified in Tesla's motion to transfer (including the source code servers cited in the McIntosh Declaration), provide "a description of its contents, and identify every Tesla employee in Texas who is authorized to remotely access it."

4. Granite's Interrogatory No. 4

   a. For each facility identified in TSLAGVV00001679, describe "the nature and the duration of the activities conducted at each such property," including whether such activities relate to the Accused Products.

5. Granite's Interrogatory No. 5

   a. Identify all work relating to "neural network training using the 'Cortex' supercomputer cluster and/or using other computers in Texas." For each activity, provide:

      i. Its location;

      ii. The date when the activity began;

iii. The number and type of accused products or components manufactured, tested, or trained; and

iv. Identify all persons who participated in the activity.

b. The parties agreed to the following on the record at the May 8, 2025 hearing:

i. Tesla will provide no later than May 16, 2025, to the extent known based on a reasonable investigation, a complete list of current and former Texas Tesla employees who communicated with Samsung regarding Samsung's manufacture of [redacted]. To the extent known to Tesla, Tesla will also identify the Samsung employees with whom those Texas employees communicated.

6. Granite's Request for Production No. 2

a. Produce the Tesla "business records" relied upon by Lane McIntosh (¶ 4) and Lauren Hall (¶ 1) when preparing their declarations in support of Tesla's motion to transfer.

7. Granite's Request for Production No. 3

a. Produce documents that describe "the 'Cortex' supercomputer cluster including its location(s), the functions it performs, its relationship to the Accused Products, the persons and teams who use it, and the purposes of such use."

8. Granite's Request for Production No. 5

a. For every Texas server identified in response to Interrogatory No. 2 above, produce documents describing the contents of the server and the employees with access to it.

9. Granite's Request for Production No. 6

   a. Produce documents describing Tesla's work relating to "neural network training using the 'Cortex' supercomputer cluster and/or using other computers in Texas" since 2023.

   b. Produce documents describing Samsung's manufacture and testing of components of the [redacted].

As the Court instructed the parties at the May 8, 2025 hearing, the parties are further **DIRECTED** to meet and confer and file a joint notice as to the parties' positions on an appropriate extension for venue discovery, such joint notice to be filed within 48 hours of the date of this Order.

**So Ordered this**

**May 10, 2025**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE