# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GRANITE VEHICLE VENTURES LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 2:24-CV-01007-JRG |
| TESLA, INC., | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Reconsider Order Granting Defendant's Motion to Transfer Venue to the Northern District of California (Dkt. No. 129) (the "Motion") filed by Plaintiff Granite Vehicle Ventures LLC ("Plaintiff," or "Granite"). (Dkt. No. 131.) Having considered the Motion, the Court finds that it should be and hereby is **DENIED**.

**I.     BACKGROUND**

Tesla filed its Motion to Transfer on February 14, 2025, moving for this Court to transfer the above-captioned case to the Northern District of California ("NDCA"). (Dkt. No. 21.) The Court subsequently granted a joint motion for venue discovery relating to the Motion to Transfer. (*See* Dkt. Nos. 30, 32.) Briefing regarding the Motion to Transfer resumed in June and July following the close of targeted venue discovery. (*See* Dkt. Nos. 75, 77, 83, 87.) The Court ultimately denied Defendant's Motion to Transfer on August 19, 2025. (Dkt. No. 95.)

Tesla then filed a Motion to Reconsider on September 15, 2025. (Dkt. No. 99.) The Court granted the Motion to Reconsider on December 18, 2025, concluding that this case should be transferred to NDCA. (Dkt. No. 129.) The instant Motion followed on January 5, 2026, moving for the Court to reconsider its previous reconsideration. (Dkt. No. 131.)

## II.    LEGAL STANDARD

The legal standard remains the same as the last motion to reconsider the Court reviewed in this case: under Rule 59(e), a party can move the Court to amend an order or judgment within 28 days of entry. FED R. CIV. P. 59(e). "Rule 59(e) is properly invoked 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002) (internal citations omitted). A motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Given that "specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (internal citations omitted). Accordingly, relief under Rule 59(e) is appropriate only when (1) there is a manifest error of law or fact; (2) there is newly discovered or previously unavailable evidence; (3) there would otherwise be manifest injustice; or (4) there is an intervening change in controlling law. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). As a result, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

## III.    ANALYSIS

Granite asserts that the Court's Order on the Motion to Reconsider (*see* Dkt. No. 129) "overlooked the willing witnesses identified by Granite and held Granite to a higher standard of proof than Tesla," and "overlooked the witnesses subject to EDTX compulsory process identified by Granite." (Dkt. No. 131 at 3, 8.) In support of these claims, Granite presents nearly the same arguments it previously presented to the Court in its briefing on the Motion to Transfer and the prior Motion to Reconsider. (*See* Dkt. Nos. 77, 87, 101, 109.) These are arguments that the Court

rejected in both its original Order on Tesla's Motion to Transfer (Dkt. No. 95), and its Order on the Motion to Reconsider (Dkt. No. 129).[1] Since "[a] Rule 59(e) motion may not be used to [merely] relitigate issues that were resolved to the movant's dissatisfaction," the Court finds that there is no basis on which to reconsider, for the third time, arguments from Granite upon which it has already provided its decision. *See Am.'s Recommended Mailers, Inc. v. Md. Cas. Co.*, 579 F. Supp. 2d 791, 798 (E.D. Tex. 2008) (internal citation omitted).

## IV.  CONCLUSION

As the Court noted at the end of its previous Order in this case, reconsideration is rare and out of the ordinary. (*See* Dkt. No. 129.) It granted extraordinary relief in its prior Order on Tesla's Motion to Reconsider, and Plaintiff has presented no new or previously unconsidered reason why that decision should be relitigated now. Accordingly, and for the reasons stated herein, Plaintiff's Motion (Dkt. No. 131) is **DENIED**. The Court determines that the above-captioned case should be and hereby is **TRANSFERRED** to the United States District Court for the Northern District of California, *instanter*, to prevent further delay. Additionally, in light of this immediate transfer, Tesla's Motion for Clarification of Deadlines Pending Transfer or in the Alternative Motion to Stay (Dkt. No. 133) is **DENIED AS MOOT**.

Since the Parties filed their briefing under seal, the Court filed this Order under seal as well. However, the Parties are **ORDERED** to jointly prepare a redacted version of this Order for public viewing and to file the same on the Court's docket as an attachment to a Notice of Redaction within five (5) business days of this Order.

---

[1] For example, in discussing the willing witnesses factor the Motion includes an argument that refers back to "the Court's initial Order Denying transfer," and attempts to relitigate an argument regarding ▮ witnesses Granite requests the Court reconsider, having previously identified these individuals in its original briefing on the Motion to Transfer. (*See* Dkt. No. 131 at 6-7, citing Dkt. Nos. 77 and 77-43.)

3

**So ORDERED and SIGNED this 29th day of January, 2026.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE